# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-726V
### Filed: January 6, 2012

```
* * * * * * * * * * * * * * * * * * * * * * * *
AMANDA K. MOMBERG                      *
                                       *
              Petitioner,              *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## INITIAL ORDER

**Vowell,** Special Master:

1. **The Rule 4(b) Status Conference.** Pursuant to Vaccine Rule 4(b), an initial telephonic status conference was held in this case on January 6, 2012.  Aaron Dias appeared on behalf of petitioner, and Claudia Gangi appeared on behalf of respondent.

2. **Petitioner's Filing of Medical Records.**

   a. Petitioner filed nine exhibits containing medical records.  Petitioner's counsel indicated on the call that petitioner is working on locating additional documentation concerning the November 25, 2008 office visit, where the first Gardasil vaccine was administered, that respondent has requested.  **Petitioner shall file the additional documentation by no later than <u>Friday, January 20, 2012</u>.**  If petitioner has not located the requested materials by then, she shall file a status report indicating when she is likely to have the materials.

   b. To assist respondent and the court, once petitioner has filed all of the medical records necessary to substantiate the petition, **petitioner shall file a signed "Statement of Completion" as a separate docket entry.**

3. **Petitioner's Filing of an Expert Report.** Petitioner shall file an expert report by no later than <u>**Thursday, April 5, 2012**</u>.  If petitioner requires additional time, her motion for an extension must note if she is still looking for an expert or if an expert has been retained but requires more time to complete the report.

4. **Respondent's Rule 4(c) Review.** Respondent's deadline for filing the Rule 4(c) report is **SUSPENDED** pending the filing of petitioner's expert report. I will grant respondent 60 days to file her Rule 4(c) report, accompanied by an expert report, upon the filing of petitioner's expert report.

5. **The Rule 5 Status Conference.** Rule 5 mandates scheduling a status conference after the filing of respondent's report. This conference shall be by telephone call initiated by my office, unless the parties jointly request to appear in person.

   a. **Purpose.** The purpose of the Rule 5 status conference is to give the petitioner a third party view of the case, indicating the relative strengths and weaknesses of the positions of the parties.

   b. **Conference Topics.** At the initial stage of the case, the parties must keep in mind the important of the conference. To the extent applicable, the following topics will be discussed, *inter alia*:

   - The proceeding's current status, including the potential for settlement;
   - The substantive bases for the parties' respective positions;
   - The nature and extent of the damages claimed (generally);
   - Whether further proceedings will be necessary and, if so, the nature and timing of such proceedings;
   - The potential for narrowing issues by stipulation; and
   - My views of the strengths and weaknesses of the parties' positions.

6. **General Duties and Matters related to both Parties.**

   a. **Cooperation and Settlement.** The parties are expected to cooperate, to narrow issues, to pursue actively settlement possibilities, and to proceed expeditiously to complete the record. In addition, the parties are encouraged to make use of the court's alternative dispute resolution ["ADR"] process at appropriate times.

   b. **Discovery.** The National Childhood Vaccine Injury Act ["Act" or "Program"][1] strictly limits the scope of traditional discovery in these proceedings. *See* § 300aa-12(d)(3)(B). Nevertheless, if a party asserts that some specific discovery may promote resolution of the issues, limited discovery may be allowed, to include the use of a subpoena. The parties are expected to cooperate to facilitate such

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. For ease of citation, all "§" references to the Vaccine Act herein will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

discovery.  Finally, **petitioners in this Program are under a
continuing duty to supplement the medical records**.

c. **Filing Requirements.**  This case was designated as an electronic
case on November 1, 2011, and all future filings shall be in electronic
form.  The parties are reminded that exhibits are to be numbered
sequentially, as "Petitioner's Exhibit 1, Petitioner's Exhibit 2," etc.
Pages within each exhibit must be Bates stamped or hand-numbered.
The Guidelines for Practice under the National Vaccine Injury
Compensation Program (*available at*
http://www.uscfc.uscourts.gov/sites/default/files/OSM.Guidelines.pdf),
require each exhibit to be **independently numbered**.  Petitioner's
exhibits are customarily given Arabic numbers; respondent's exhibits
are lettered.  Volumes are given Roman numerals.

d. **Motions for Enlargements of Time.**  The court has the discretion to
grant extensions on deadlines to complete ordered tasks.  However, in
those cases, the party must show good cause by filing a **detailed**
status report, **prior** to the deadline, stating the efforts the party has
made to date to comply with the order and providing a time frame
when he or she reasonably expects to comply.  Vague statements or
conclusory statements are **not** sufficient.  A status report simply stating
that the party is "currently working on" complying and will complete
ordered tasks "as soon as possible" is **not** sufficient.  A motion for
enlargement of time must then be filed as a **separate document**.
Parties should contact the opposing party prior to filing the motion to
ask if she objects to the motion.  If she does not object, the moving
party may include a statement reflecting this authorization in the
motion.

e. **Expert Witnesses.**  In most cases, petitioner is strongly encourage to
obtain a qualified medical expert as soon as possible who will review
the Act, particularly the Vaccine Injury Table,[2] and opine to a
reasonable degree of medical probability regarding that petitioner's
case.  In selecting a qualified medical expert, petitioner should
consider the doctor's qualifications.  To aid the court in this matter, that
doctor's *curriculum vitae* must also be filed.  In addition, this court
takes seriously the American Medical Association's ["AMA"] statement
concerning the appropriate role of an expert:

> When physicians choose to provide expert testimony,
> they should have recent and substantive experience
> or knowledge in the area in which they testify, and be
> committed to evaluating cases objectively and to
> providing an independent opinion.  Their testimony

---

[2] *See* 42 C.F.R. § 100.3(a).

should reflect current scientific thought and standards
of care that have gained acceptance among peers in
the relevant field.  If a medical witness knowingly
provides testimony based on a theory not widely
accepted in the profession, the witness should
characterize the theory as such....

AMA Council on Ethical and Judicial Affairs, *Code of Medical
Ethics* 9.07 (Dec. 2004) ("Medical Testimony" section).  This
admonition applies equally to petitioner's and respondent's
experts.

f.   **Costs Claims.**  Claims for reimbursement of costs will be
scrutinized as to the reasonableness of the items and amounts
claimed.  Both counsel have the affirmative obligation to
supervise and direct the case-related activities of their expert
witnesses.  Counsel should keep careful records of costs, as the
Program will reimburse only those costs that are reasonably
incurred.  Note also that when an application for fees and costs
is eventually filed, each cost item must be listed separately, and
any expenses that are not self-explanatory must be explained.
Requests for expert witness costs must include the expert's
statement of the hours worked and specification of the hourly
rate claimed, and may require a showing that such rate is
"reasonable" under all the circumstances.  **It is counsel's
obligation to monitor costs.**  *Simon v. Sec'y, HHS*, No. 05-
941V, 2008 WL 623833 (Fed. Cl. Spec. Mstr. Feb. 21, 2008);
*see also Perreira v. Sec'y, HHS*, 33 F.3d 1375 (Fed. Cir. 1994).

g.   **Program information.**  Petitioner is again referred to the court's
"Guidelines for Practice Under the National Vaccine Injury
Compensation Program" for helpful aids in handling this case.  In
addition, petitioner should note that the special masters' decisions are
available on the court's website, www.uscfc.uscourts.gov, as well as
on the Westlaw and Lexis electronic databases.

7.  **Special Warnings.**

a.   **Hazards of Voluntary Dismissal.**  Once a Program petition is filed,
petitioner has two ways of leaving the Program while preserving the
possibility of filing a civil action against a vaccine manufacturer or
administrator on account of the same injury.  *See* § 300aa-11(a)(2)(A).
First, petitioner may choose to withdraw from the Program after notice
that the statutory time for a decision has elapsed.  § 300aa-21(b).
Second, petitioner may leave the Program following entry of judgment
pursuant to a final decision by the special master.  § 300aa-

12(d)(3)(A).  Third, petitioner may voluntarily dismiss her own claim, either unilaterally or via stipulation with respondent.  <u>However, utilizing voluntary dismissal to leave the Program will not result in a judgment, and therefore it apparently will not preserve petitioner's right to file a tort suit against a vaccine manufacturer or administrator.</u>  *See Robinson v. Sec'y, HHS*, No. 04-0041V, 2004 WL 2677197 (Fed. Cl. Spec. Mstr. Nov. 3, 2004); *Hamilton v. Sec'y, HHS*, No. 02-838V, 2003 WL 23218074 (Fed. Cl. Spec. Mstr. Nov. 26, 2003).  <u>Petitioner should note that this potential hazard has ensnared previous petitioners.</u>  If petitioner has doubt about how to exit the Program, she may request a status conference.  Such a conference should be requested before a notice of voluntary dismissal is filed.

b. **Disclosure.**  Also, petitioner is reminded that the decision in this case will be made available to the public unless either party files, within fourteen days, an objection to the disclosure of any material in the decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  § 300aa-12(d)(4)(B)(ii); *see also* Vaccine Rule 18(b).

8. **Informing the Special Master.**  The parties shall keep me informed of any developments that warrant my attention and are encouraged to initiate joint conference calls with me whenever the court's assistance may be helpful. Contact with my office may be made through my law clerk, Adriana Teitel, at (202) 357-6363, or my judicial assistant, Therase Jackson, at (202) 357-6359.


**IT IS SO ORDERED.**



<u>s/Denise K. Vowell</u>
Denise K. Vowell
Special Master